# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS HINES, | Case No.: 2:19-cv-01996-APG-DJA |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 4] |
| WASHINGTON FEDERAL BANK, | |
| Defendant | |

Defendant Washington Federal Bank moves to dismiss the complaint filed by plaintiff Dennis Hines. ECF No. 4. Hines's response to the motion, as with his complaint, is nearly incomprehensible. For instance, Hines fails to explain (or sufficiently allege in the complaint) how this court has jurisdiction over this dispute. Hines refers to both federal question and diversity jurisdiction but offers no support for either. *See* ECF No. 1 at 3. Instead of listing "the specific federal statutes . . . that are at issue in this case," he simply states "mortgage fraud, dual tracking law." *Id.* That is not a sufficient basis for federal question jurisdiction under 28 U.S.C. § 1331. With regard to diversity jurisdiction, Hines alleges that he is a Nevada citizen, that Washington Federal is incorporated in Washington, and that Washington Federal "has its principal place of business in the State of Nevada." *Id.* That means there is no diversity of citizenship so this court does not have diversity jurisdiction over this dispute. 28 U.S.C. § 1332(b). Hines also does not offer any rational basis for his allegation that the amount in controversy exceeds $75,000.

Even if this court has jurisdiction, Hines's complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). It is nearly impossible to read and comprehend Hines's complaint. That makes it difficult for me to determine whether this court has jurisdiction over this dispute and for Washington Federal to respond to the complaint.

Because Hines is representing himself in this case, I am obligated to give him another opportunity to file a complaint that satisfies Rule 8(a) and plausibly alleges a claim for relief against Washington Federal. If Hines believes this court has jurisdiction over this dispute, and if he can allege sufficient facts to demonstrate jurisdiction and to allege a plausible claim for relief, he may file an amended complaint. Or, he can file a new complaint in the Nevada state court.

I THEREFORE ORDER that Washington Federal Bank's motion to dismiss **(ECF No. 4) is GRANTED**. The complaint is dismissed without prejudice. Plaintiff Dennis Hines may file an amended complaint by **February 11, 2020** if he can allege sufficient facts to demonstrate that this court has jurisdiction over this matter and that he is plausibly entitled to relief against Washington Federal Bank. If he fails to do so by that date, I will close this case.

DATED this 9th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE